IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MICHAEL E. NEELD,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-115 |
| | § | |
| **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-BC3,** | § § § § § § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Benefit of the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-BC3 ("BONY Trustee" or "Defendant"), hereby gives notice of the removal of the state court civil action described below. As grounds for the removal, Defendant respectfully states the following:

### I. INTRODUCTION

1. On January 3, 2020, Plaintiff Michael E. Neeld ("Plaintiff") filed his Original Petition, numbered and styled as Cause No. 2020CI00127, *Michael E. Neeld v. The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Benefit of the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-BC3* in the 285th Judicial District Court of Bexar County, Texas (the "Complaint").

2. In the Petition, Plaintiff brings suit against BONY Trustee, asserting a claim for promissory estoppel relating to residential property located at 801 Ridgemont Ave., Terrell Hills,

Texas 78209 (the "Property"), and requesting injunctive relief to prevent a foreclosure scheduled for January 7, 2020.[1] Plaintiff asserts that he defaulted on his mortgage payments but BONY Trustee assured him foreclosure would not be pursued while Plaintiff was in the loss mitigation process.[2]

3. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II.  TIMELINESS OF NOTICE OF REMOVAL

4. Defendant has not been served with Plaintiff's Complaint. Therefore, Defendants' Notice of Removal falls within the 30-day period required by statute and is timely.[3]

## III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.  Complete diversity exists.

6. Complete diversity exists because Plaintiff and Defendant are not citizens of the same state.

7. Plaintiff is an individual residing in Bexar County, Texas and is thus considered a citizen of Texas.[4]

---

[1] *See* Complaint, ¶¶10, 13.
[2] *Id.*, ¶ 8.
[3] 28 U.S.C. § 1446(b). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").
[4] *See* Complaint, ¶2.

8. For diversity purposes, the citizenship of Defendant BONY Trustee is that of Bank of New York Mellon Trust Company, National Association.[5] A national bank is a citizen of the state where its main office, as designated in its articles of association, is located.[6] Bank of New York Mellon's articles of association designate New York, New York, as the location of Bank of New York Mellon's main office. BONY Trustee is thus a citizen of New York.

9. Plaintiff is a citizen of Texas and BONY Trustee is not a citizen of Texas. Therefore, complete diversity among the parties exists.

**C.   The amount in controversy exceeds $75,000.00.**

10. In his Complaint, Plaintiff seeks relief to prevent the foreclosure sale of the subject property.[7] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[8]

11. When the object of the mortgagor's litigation is the protection of his entire property, the fair market value of the property is the proper measure of the amount in controversy.[9] In this instance, the value of the subject property, 801 Ridgemont Ave., Terrell Hills, TX 78209, amounts to at least $540,500.00.[10] Therefore, based on the value of the relief sought by Plaintiff in the Complaint the amount in controversy exceeds $75,000.00.

---

[5] *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F.Supp.2d 555, 561 (N.D.Tex. 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee.") citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) and *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n.17 (5th Cir. 1980).

[6] *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) (construing 28 U.S.C. § 1348 (2006)).

[7] *See* Complaint, ¶13.

[8] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

[9] *Id.*

[10] *See* Bexar County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Bexar County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Bexar County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

## IV. VENUE

12. Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas—the location of the pending state court action.[11]

## V. ADDITIONAL REQUIREMENTS

13. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Bexar County, Texas.

14. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

15. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

16. Plaintiff did not demand a jury trial in the Petition.

WHEREFORE, having satisfied the requirements for removal, Defendant The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Benefit of the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-BC3 gives notice that Cause No. 2020CI00127 originally filed in the 285th Judicial District Court of Bexar County, Texas, has been removed to this Court.

Respectfully submitted,

By: */s/ Matt D. Manning*
    **MATT D. MANNING**
    State Bar No. 24070210
    **MATTHEW A. KNOX**
    State Bar No. 24071102

---

[11] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(4) (stating that the San Antonio Division of the Western District includes Bexar County).

> **MCGLINCHEY STAFFORD**
> 1001 McKinney, Suite 1500
> Houston, Texas 77002
> Telephone :  (713) 520-1900
> Facsimile:   (713) 520-1025
> mmanning@mcglinchey.com
> mknox@mcglinchey.com
>
> **ATTORNEYS FOR DEFENDANT THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-BC3**

### CERTIFICATE AND NOTICE OF FILING

I certify that on January 30, 2020, this Notice of Removal was sent to the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served via eFile.TXCourts.Gov and/or Email upon counsel for Plaintiff.

> */s/ Matt D. Manning*
> **MATT D. MANNING**

### CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

> *Via Court's EFiling Service System and/or Via Email*
> Matthew J. Obermeier
> State Bar No. 24067804
> Oliva, Saks, Garcia, & Curiel, LLP
> 14255 Blanco Rd.
> San Antonio, Texas 78216
> matt@osgclaw.com
> *Counsel for Plaintiff*

> */s/ Matt D. Manning*
> **MATT D. MANNING**