**EXHIBIT A**

Cause No. 2020CI00127

*Michael E. Neeld*
*v.*
*The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Benefit of the CertificateHolders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-BC3*

In 285th Judicial District Court of Bexar County, Texas

## INDEX OF STATE COURT FILE DOCUMENTS

1. Court's Docket Sheet……………………………………….………….…..…Dated 01/30/2020

2. Plaintiff's Original Petition…………………….…..……………………..Filed 01/03/2020

3. Defendant's Original Answer and Affirmative Defenses………………..Filed 01/30/2020

616416.1 102210.0289



# Case #2020CI00127

**Name**: MICHAEL E NEELD

**Date Filed** : 1/3/2020

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 285

**Docket Type** : OTHER REAL PROPERTY

**Business Name** :

**Style** : MICHAEL E NEELD

**Style (2)** : vs THE BANK OF NEW YORK MELLON

# Case History

*Currently viewing 1 through 1 of 00001 records*

| Sequence | Date Filed | Description |
| --- | --- | --- |
| P00001 | 1/3/2020 | PETITION |



FILED
1/3/2020 12:30 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roxanne Mujica

NO. **2020CI00127**

| | | |
|---|---|---|
| MICHAEL E. NEELD | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | **285TH** JUDICIAL DISTRICT |
| | § | |
| THE BANK OF NEW YORK MELLON | § | |
| FKA THE BANK OF NEW YORK, AS | § | |
| TRUSTEE FOR THE BENEFIT OF | § | |
| THE CERTIFICATEHOLDERS OF | § | |
| THE CWABS INC., ASSET-BACKED | | |
| CERTIFICATES, SERIES 2007-BC3 | § | |
| | | |
| Defendants. | § | OF BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Michael E. Neeld, "Plaintiff" herein, and files this Plaintiff's Original Petition against The Bank of New York Mellon fka The Bank of New York, as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2007-BC3, "Defendant" or "BONYM" herein, and in support thereof, shows the court the following:

### DISCOVERY LEVEL

1. Discovery in this case is intended to be conducted under Level 2 of rule 190 of the Texas Rules of Civil Procedure.

### PARTIES AND SERVICE

2. Plaintiff, Michael E. Neeld, is an individual residing in Bexar County, Texas.

3. Defendant The Bank of New York Mellon fka The Bank of New York, as Trustee for the Benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2007-BC3 ("BONYM") is a foreign corporate fiduciary registered to do business in Texas and doing business in Texas, and service of process on the Defendant may be effected pursuant to

sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, C T Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201, its registered office. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. Plaintiff seeks:

   A. monetary relief of $100,000 or less and non-monetary relief.

6. This court has jurisdiction over Defendant BONYM because BONYM is registered to do business in Texas and is doing business in Texas.

7. Venue in Bexar County is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and this county is where all or part of the real property is located.

## FACTS

8. Plaintiff owns the property commonly known as 801 Ridgemont Ave., Terrell Hills, Texas 78209 (the "Property" or "Residence" or "Home"). Plaintiff has a mortgage on the Property, which is secured by a promissory note and deed of trust. BONYM is the current mortgagee and servicer. Admittedly, Plaintiff has fallen behind on his mortgage payments; however, he is currently in loss mitigation with BONYM and has been promised that foreclosure would not be pursued during the process, particularly with his application to short pay the mortgage which is under review. Plaintiff has not received a final decision on his request for loss mitigation.

9. On or about October 10, 2019, the Court granted Defendant a Home Equity

Foreclosure Order in Cause No. 2019CI12614; *In Re: Order of Foreclosing Concerning 801 Ridgemont Ave., Terrel Hills, TX 78209, Under Tex. R. Civ. P. 736.*

10. Defendant attempts to sell the Property at foreclosure on January 7, 2020 according to its "Notice of Trustee's Sale" ("Notice of Sale") dated December 16, 2019.

### PLAINTIFF'S COMPLAINT FOR PROMISSORY ESTOPPEL

11. Plaintiff restates and re-alleges the facts set forth hereinabove and contends that Defendant's action to foreclose is barred by promissory estoppel. Defendants made representations that it would not foreclose on the Property while Plaintiff pursued loss mitigation; i.e., loan modification and/or short pay. Defendant made those representations knowing they were false. Plaintiff relied on those representations and did not take other action to avoid foreclosure. Plaintiff relied on Defendant's representations to his detriment and now faces damages within the jurisdictional limit of the Court, loss of the Property.

### TEX. R. CIV. P. 736.11 – AUTOMATIC STAY

12. Texas Rule of Civil Procedure 736.11 provides "[a] proceeding or order under this rule is automatically stayed if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, or enforcement of the loan agreement, contract, or lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale."

13. Thus, by filing this original proceeding, foreclosure of the Property pursuant to the Home Equity Foreclosure Order shall be stayed and: "[w]ithin ten days of filing suit, the respondent must file a motion and proposed order to dismiss or vacate with the clerk of the court in which the application was filed giving notice that respondent has filed an original proceeding contesting the right to foreclose in a court of competent jurisdiction. If no order has been signed,

the court must dismiss a pending proceeding. If an order has been signed, the court must vacate the Rule 736 order." *See* Tex. R. Civ. P. 736.11(c)

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Michelle A. Buchanan and Kyle K. Buchanan, Plaintiff herein, respectfully prays that:

    A.    BONYM Mortgage Services, Defendant, will be cited to appear and answer herein;

    B.    After trial of this Cause Plaintiff be awarded damages within the jurisdictional limit of the Court;

    C.    For such other and further relief, in law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

OLIVA, SAKS, GARCIA & CURIEL, LLP

By: /s/ Matthew J. Obermeier
MATTHEW J. OBERMEIER
Texas Bar No. 24067804
Email: matt@osgclaw.com
14255 Blanco Rd.
San Antonio, TX 78216
Tel. (210) 308-6600
Fax. (210) 308-6939
Attorney for Plaintiff
Michael Neeld

CAUSE NO. 2020CI00127

| | | |
|---|---|---|
| MICHAEL E. NEELD, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | 285th JUDICIAL DISTRICT |
| | § | |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-BC3 | § § § § § § | |
| | § | |
| *Defendant*. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Benefit of the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-BC3 ("BONY Trustee" or "Defendant"), files its Original Answer and Affirmative Defenses to Plaintiff's Original Petition (the "Petition") of Plaintiff Michael E. Neeld ("Plaintiff").

### GENERAL DENIAL

1. Defendant, pursuant to Rule 92 of the Texas Rules of Civil Procedure, generally denies all of the claims as alleged by Plaintiff, and respectfully prays that Plaintiff be required to prove his claims as alleged by a preponderance of the evidence or such higher standard as may be applicable.

### AFFIRMATIVE DEFENSES

2. Some or all of Plaintiff's claims are barred by failure of consideration.

3. Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was not the producing, nor the proximate, cause of Plaintiff's alleged losses, damages, and/or injuries.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff is unable to prove

616065.1; 102210.0289                                    1

his alleged losses, damages, and/or injuries in accordance with Texas law.

5. Some or all of Plaintiff's claims are barred due to unclean hands.

6. Some or all of Plaintiff's claims are barred by the economic-loss doctrine.

7. Some or all of Plaintiff's claims are barred by his failure to perform his own contractual obligations.

8. Plaintiff is not entitled to his attorneys' fees.

9. Plaintiff's claims fail due to the doctrines of estoppel and/or quasi estoppel.

10. Defendant is entitled to an offset of any damages awarded under the doctrine of recoupment and offset.

11. Plaintiff has failed to state a claim upon which relief may be granted.

12. Some or all of Plaintiff's claims are barred due to the statute of frauds.

13. Defendant is equitably and contractually subrogated as to all of the claims contained in Plaintiff's suit.

**WHEREFORE**, Defendant prays that this Court enter judgment that Plaintiff take nothing on his alleged claims, that Plaintiff's claims be dismissed in their entirety and for such other and further relief, both specific and general, at law and equity, to which Defendant may be entitled.

Respectfully submitted,

By: /s/ Matt D. Manning
**Matt D. Manning**
State Bar No. 24070210
mmanning@mcglinchey.com
**Matthew A. Knox**
State Bar No. 24071102
mknox@mcglinchey.com
**MCGLINCHEY STAFFORD, PLLC**
1001 McKinney, Suite 1500
Houston, TX 77002
Telephone:(713) 520-1900
Facsimile: (713) 520-1025

**ATTORNEYS FOR DEFENDANT THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-BC3**

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court using the Court's electronic filing system. Notice of this filing has been forwarded to counsel for Plaintiff, as shown below.

*Via E-file Service and/or Via Email*
Matthew J. Obermeier
State Bar No. 24067804
Oliva, Saks, Garcia, & Curiel, LLP
14255 Blanco Rd.
San Antonio, Texas 78216
*Counsel for Plaintiff*

/s/ Matt D. Manning
**Matt D. Manning**